IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2123-FL

MARK SPEAGLE,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

ORDER

This matter comes before the court on respondent's motion to dismiss or, in the alternative, motion for summary judgment (DE # 4).[1] Petitioner has filed a response and respondent has not replied. In this posture, the issues raised are now ripe for adjudication. For the following reasons, the respondent's motion is granted.

## STATEMENT OF CASE

Petitioner is currently incarcerated at Butner Federal Correctional Institution ("Butner"). On September 22, 2009, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that respondent illegally refused to allow petitioner to participate in the Residential Drug Abuse Program ("RDAP") and to receive the corresponding incentive of up to one year off his sentence. On December 14, 2009, respondent filed the instant motion, arguing that petitioner failed to exhaust his administrative remedies. Respondent also argued that this case is not ripe for habeas review because petitioner has not participated in or completed the RDAP program. In support of its

---

[1] Because the parties attached matters which are outside of the pleadings, the motion is construed as one seeking summary judgment.

motion, respondent attached the declaration of Lynell Cox and supporting exhibits. Petitioner responded on December 21, 2009, arguing that he is not required to exhaust his administrative remedies, and that respondent has not otherwise proven failure to exhaust.

## STATEMENT OF THE FACTS

On June 26, 2007, petitioner was sentenced to two concurrent terms of imprisonment of one hundred and twenty (120) months after pleading guilty to conspiracy to possess with the intent to distribute a quantity of methamphetamine and crystal methamphetamine and possessing a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2). Petitioner did not file an appeal. He is currently incarcerated at Butner and is projected to complete his sentence of imprisonment on or about December 22, 2014.

Petitioner claims that he would like to enroll in the Bureau of Prisons ("BOP") drug treatment program, RDAP, to receive the incentive of up to one year off of his sentence for successful completion of the program. He states that the BOP and respondent have refused to allow him to receive the one-year incentive under the program because he was convicted of possession of a firearm. Petitioner states that it is the BOP's policy to deny the program incentive for inmates convicted of passive possession of a firearm.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust all available administrative remedies before challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). Although the PLRA does not apply to habeas proceedings, see Smith v. Angelone, 111 F.3d 1126, 1130 (4th Cir. 1997), this court follows the well-established rule that a federal prisoner bringing a claim under 28 U.S.C. § 2241 must nevertheless exhaust administrative remedies before seeking review in federal court, see McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (unpublished) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 68 F.2d 953, 953-54 (6th Cir. 1981)). Failure to exhaust may be excused only upon a showing of cause and prejudice. Id. (citing Carmona, 243 F.3d at 634-35).

The BOP's administrative remedy program, which sets forth the relevant exhaustion requirements, is found at 28 C.F.R. §§ 542.10 through 542.19. Section 542.13(a) requires that an inmate informally present his complaint to the staff, thereby providing the inmate with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written complaint twenty (20) calendar days following the date on which the basis for the request occurred. See 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional

3

Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. See 28 U.S.C. § 542.15.

The evidence in the record demonstrates that petitioner has failed to file any administrative remedy requests regarding this claim, and he has failed to allege that he has otherwise met the exhaustion requirements for a habeas action pursuant to 28 U.S.C. § 2241. Petitioner claims that exhaustion by another inmate on these issues effectively satisfies his exhaustion requirement, but the process described at 28 C.F.R. §§ 542.10 through 542.19 does not allow for exhaustion of petitioner's administrative remedies through another prisoner or inmate. Moreover, petitioner has failed to make any showing of cause and prejudice for his failure to exhaust. Accordingly, respondent's motion for summary judgment is GRANTED and petitioner's claims are DISMISSED without prejudice.

## CONCLUSION

Based upon the foregoing, respondent's motion for summary judgment (DE # 4) is GRANTED. Petitioner's action is DISMISSED without prejudice, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the __ day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge